Filed: 2/10/2021 5:11 PM
Lynne Finley
District Clerk
Collin County, Texas
By Suzanne Rogers Deputy
Envelope ID: 50556139

CAUSE NO. 296-00746-2021

| | | |
|---|---|---|
| **ABUNDANT LIFE CHURCH** § | | **IN THE DISTRICT COURT** |
| *Plaintiff* § | | |
| § | | |
| V. § | | |
| § | | **COLLIN COUNTY, TEXAS** |
| § | | |
| **THE PHILADELPHIA INDEMNITY** § | | |
| **INSURANCE COMPANY** § | | _____ **JUDICIAL DISTRICT** |
| *Defendant* § | | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Abundant Life Church, (hereinafter referred to as "Plaintiff"), complaining of The Philadelphia Indemnity Insurance Company, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Texas Rule of Civil Procedure 190.3 and affirmatively plead that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief of over $250,000.00.

### PARTIES

2. Plaintiff is an individual residing in Collin County, Texas.

2. Philadelphia Indemnity Insurance Company is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of service, CT Corporation System, located at the following address: 1999 BryanStreet, Suite 900, Dallas, TX 75201-3136.

## JURISDICTION

3. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

4. The Court has jurisdiction over Defendant Philadelphia Indemnity Insurance Company because it is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas. Specifically, Philadelphia Indemnity Insurance Company sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. Kelly v. General Interior Constr., Inc., 301 S.W.3d 653, 660-61 (Tex.2010).

## VENUE

5. Venue is proper in Collin County, Texas, because the Property is situated in Collin County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6. Plaintiff purchased a policy (hereinafter referred to as "the Policy") from Defendant, which was in effect at the time of loss. The policy number is PHPK1871414 and the effective period is September 5, 2018 to September 5, 2019.

7. On or about March 23, 2019, the Property sustained significant damage due to hail/wind storm. The

Property's roofing system was severely damaged by the wind/hail event resulting in unprecedented major leakage to the interior of the Property and other damages.

8. Appraisal was properly invoked pursuant to the Policy terms after there was a disagreement with regard to coverage.

9. The applicable appraisal provision in the policy states:

> If we and you disagree on the value of the property or the amount of "loss", either may make written demand for an appraisal of the "loss". In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

10. The two signatures on the appraisal award deem it binding.

11. The appraisal award was signed by the Umpire and Philadelphia's appraiser for the amount of $188,053.48 as the replacement cost value, depreciation at $19,157.02, and $168,896.46 as the actual cash value. However, Philadelphia has refused to pay pursuant to the appraisal award.

## CAUSES OF ACTION:

## BREACH OF CONTRACT

12. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

13. Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

14. As a result of the storm-related event, Plaintiff suffered extreme weather-related damages. Despite objective evidence of weather-related damages provided by Plaintiff and its representatives, in addition to the appraisal award, Defendant Philadelphia Indemnity Insurance Company breached its contractual obligations under the Policy by failing to pay Plaintiff cost-related benefits to properly repair the Property, as well as for related losses associated with the subject loss event. As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

15. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

16. Defendant's intentional actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapter 2210, for mishandling Plaintiff's claim to Plaintiff's detriment by the following actions, including, but not limited to:

   a. Rejecting a claim without conducting a reasonable investigation with respect to the claim (TEX. INS. CODE § 2210.576(d)(4)); and/or

   b. Denying coverage for a claim in part or in full if Defendant's liability has become reasonably clear as a result of Defendant's investigation with respect to the portion of the claim that was denied (§ 2210.576(d)(5)).

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

17. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

18. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment especially when the appraisal award was sign by Defendant's appraiser and the umpire. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

## KNOWLEDGE

19. Each of the acts described above, together and singularly, were done "intentionally," with actual awareness of the facts, coupled with the specific intent that Plaintiff suffer harm or damages, as the term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

20. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

21. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

22. Plaintiff seeks to recover the full covered loss under the Policy and any pre-judgment interest from the first day by which Defendant would have been required to pay an accepted claim.

23. As a result of Defendant's intentional actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under § 2210.576(b) and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

24. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

25. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

26. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

27. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs,

expenses, pre-judgment interest, and attorney's fees, in excess of $250,000.00 but less than $1,000,000.00.

## ATTORNEY'S FEES

28. Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to TEX. INS. CODE § 2210.576(b).

## JURY DEMAND

29. Plaintiff demands a jury trial, consisting of citizens residing in Collin County, Texas, and tender the appropriate fee with this Original Petition.

## CONCLUSION

**30.** Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post-judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it will be awarded all such relief to which it is due as a result of the acts of Defendant, and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

*s/ Brenda Owoeye*

McCLENNY MOSELEY & ASSOCIATES, PLLC
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Brenda Owoeye
State Bar No. 24102317
516 Heights Blvd
Houston, Texas 77007
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Brenda@mma-pllc.com
Attorneys for Plaintiff

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Vigenia Saget on behalf of Brenda Owoeye
Bar No. 24102317
Vigenia@mma-pllc.com
Envelope ID: 50556139
Status as of 2/12/2021 11:23 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| John ZacharyMoseley | | Zach@mma-pllc.com | 2/10/2021 5:11:57 PM | SENT |
| Brenda M.Owoeye | | Brenda@mma-pllc.com | 2/10/2021 5:11:57 PM | SENT |
| Vigenia Saget | | Vigenia@mma-pllc.com | 2/10/2021 5:11:57 PM | SENT |